**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIO RICARDO BANEGAS CARCAMO,<br><br>Petitioner,<br><br>v.<br><br>DAVID MARIN, et al.,<br><br>Respondents. | Case No. CV 26-8685 FMO (DSR)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has conducted a de novo review of the Petition (Dkt. 1), all of the records herein, and the Report and Recommendation of the United States Magistrate Judge (Dkt. 10, "R&R"). The court has also conducted a de novo review of the portions of the R&R to which objections were made.

The R&R recommends granting the Petition and ordering petitioner's immediate release. (See Dkt. 10, R&R at 8). The R&R also recommends that respondents be enjoined "from re-detaining Petitioner without notice and a pre-detention hearing before a neutral decisionmaker on a material change in circumstances justifying revocation of Petitioner's [release on his own recognizance] and re-detention of Petitioner." (Id. at 9).

Respondents do not object to petitioner's immediate release from detention. (See, generally, Dkt. 12, R&R Objections). Instead, respondents object to the proposed relief of an injunction enjoining re-detention without notice and a pre-deprivation hearing, contending that "[t]he R&R's recommended remedy is jurisdictionally barred" because it: (1) "conscript[s] [the] Court into open-ended supervision of every future custody decision," which "[8 U.S.C. §] 1226(e)

forecloses"; (2) "encroaches on territory [8 U.S.C.] § 1252(g) forecloses"; (3) "prospectively regulates [the] Executive Branch's Article II functions"; (4) "fails the Supreme Court's narrow-tailoring rule"; and (5) "enjoins prospective conduct based solely on the single past episode." (Id. at 2-6). The court is unpersuaded.

As an initial matter, to the extent that any of these objections constitute new arguments (e.g., respondents' argument under § 1252(g)), a district court has discretion, but is not required, to consider evidence or arguments presented for the first time in a party's objection to a magistrate judge's recommendation. United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000). "Indeed, new arguments and factual assertions . . . raised for the first time in objections to the report and recommendation . . . may not be deemed objections at all." Martin v. Barnes, 2015 WL 3561554, *1 (C.D. Cal. 2015) (internal quotation marks omitted). Under the circumstances, the Court will exercise its discretion and decline to consider any new arguments respondents submitted with its objections. "Such a policy is reasonable since the referral mechanism is intended to help ease the heavy workloads of the district courts and to aid in the efficient resolution of disputes." ISM Sports, Inc. v. Lemonia Gyro & Souvlaki, Inc., 2005 WL 1861308, *2 (E.D.N.Y. 2005).

In addition, the court agrees with the R&R that it is appropriate to require pre-deprivation notice and a constitutionally adequate pre-deprivation hearing. See, e.g., Barrera v. Noem, 2026 WL 1763829, *1 (C.D. Cal. 2026) (finding "it appropriate to grant a prospective remedy enjoying future re-detention absent constitutionally required process"); Cu v. Marin, 2026 WL 1999356, *1-2 (C.D. Cal. 2026) (same); Felix v. Dep't of Homeland Sec., 2026 WL 1670133, *2 (C.D. Cal. 2026) (same). "[T]he injunction here would serve its pin-pointed objective , which is to prevent Petitioner from being detained without pre-deprivation notice and a hearing, as he previously had been." Barrera, 2026 WL 1763829, at *1; see also Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 105 S.Ct. 1487, 1493 (1985) ("[T]he root requirement of the Due Process Clause [is] that an individual be given an opportunity for a hearing before he is deprived of any significant [protected] interest.") (internal quotation marks omitted). Notably, respondents do not object to the merits of petitioner's procedural due process claim, (see Dkt. 9, Answer at 2), nor do they

engage with the Magistrate Judge's due process analysis. (See, generally, Dkt. 12, R&R Objections).

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. The Magistrate Judge's findings, conclusions, and recommendations are accepted.

2. Petitioner's Petition for Writ of Habeas Corpus **(Document No. 1)** is **granted** as set forth in this Order.

3. Respondents shall release petitioner Mario Ricardo Banegas Carcamo (A# 245-581-811) forthwith with all personal effects seized from petitioner, including all identification documents and immigration documentation. Respondent shall not impose any release restrictions (e.g., electronic monitoring) on petitioner that were not in place prior to petitioner's arrest or detention in this case unless deemed necessary at a future pre-deprivation bond hearing.

4. Respondents shall provide petitioner with a copy of this Order and the Report and Recommendation of the United States Magistrate Judge at or near the time of release.

5. Respondents shall file with the court a Notice of Compliance within three (3) calendar days following the filing date of this Order.

6. Respondents shall not re-detain petitioner absent at least seven (7) days individualized notice describing the change in circumstances necessitating petitioner's arrest and/or detention, and a pre-deprivation bond hearing before a neutral decisionmaker at which the government bears the burden of proving petitioner is a flight risk or a danger to the community, and that there are no combination of conditions that will reasonably assure petitioner's appearance and/or the safety of any other person in the community. If petitioner is again placed into detention in this District following proceedings in this case, respondents shall not transfer or remove petitioner from this District unless executing a final order of removal issued against petitioner.

7. Judgment shall be entered accordingly.

Dated this 21st day of August, 2026.

/s/
Fernando M. Olguin
United States District Judge